IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY WAYNE PATTERSON, | § | |
| Dall. Cnty. Jail BookIn No. 23013218, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-2376-K-BN |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jerry Wayne Patterson, though filings made *pro se*, "appeal[ed] to the United States Court of Appeals for the Fifth Circuit" what Patterson claimed to be a recent conviction in a Dallas County state court. Dkt. Nos. 3 & 4 (referencing F2344588).

United States District Judge Ed Kinkeade referred Patterson's filings to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned entered a Notice of Deficiency and Order on November 2, 2023 (the "NOD"):

> State court records available online applicable to the cause number Patterson provides reflect that he has been indicted for making a terroristic threat to a state agency. But the state court docket did not include a judgment on the date that the undersigned reviewed the docket.
> And, to the extent that Patterson intends to appeal a criminal conviction in a Dallas County state court, his reference to the "Fifth Circuit" may confuse the federal court of appeals (for most appeals from this court) for the Fifth Court of Appeals, a Texas court of appeals that

hears appeals from criminal convictions in Dallas County.

But, insofar as Patterson made this filing in a federal district court as an application for a writ of habeas corpus under 28 U.S.C. § 2254, his application is not filed on the appropriate form and is difficult to read, such that the undersigned cannot determine a basis for any habeas relief that Patterson may seek.

Under the applicable rules, in addition to being "printed, typewritten, or <u>legibly</u> handwritten," RULE 2(c)(4), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS (emphasis added), "the petition for a writ of habeas corpus must 'state the facts supporting each ground' raised." *Burris v. Director, TDCJ-CID*, No. 6:15cv1130, 2018 WL 7108081, at *3 (E.D. Tex. Oct. 11, 2018), *rec. adopted*, 2019 WL 291983 (E.D. Tex. Jan. 23, 2019) (citation omitted); *see* RULES 2(c)(2) & 1(b), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; *see also Taylor v. Maggio*, 581 F. Supp. 359, 363 (E.D. La. 1984) ("In order to avoid summary dismissal the petition must set out specific, substantive facts that enable the Court to determine that there is a real possibility that constitutional error has been committed." (citation omitted)).

Patterson also has not paid the filing fee or moved for leave to proceed *in forma pauperis*.

**The following deficiencies are therefore present:**

( )    Signature of the attorney of record or each party proceeding pro se is required on each pleading, motion or other paper filed by that party. (See Federal Rule of Civil Procedure 11).

Petitioner must submit a new and properly signed: ( ) petition; ( ) request to proceed *in forma pauperis*.

(**X**)    A filing fee has not been paid nor has a request to proceed *in forma pauperis* been submitted.

( )    The submitted request to proceed *in forma pauperis* provides insufficient information to determine whether in forma pauperis status is appropriate. **Certificate of inmate trust account required.**

(**X**)    Habeas corpus pleadings are not filed on the appropriate form.

**The Clerk of the Court shall take the following indicated action:**

(**X**)    A true copy of this order shall be mailed to each Petitioner or Petitioner's attorney of record. No further process shall issue except upon further order of the Court.

(**X**)    A form application to proceed *in forma pauperis* – prisoner shall be mailed to Petitioner.

(**X**)    A form petition for habeas corpus relief shall be mailed to Petitioner.

It is hereby ORDERED that Patterson must cure each deficiency noted above by **December 4, 2023**. And failure to timely comply with this order will result in a recommendation that this action be dismissed.

Dkt. No. 5.

It is now more than two months past the deadline to comply with the NOD, and Patterson has failed to do so and failed to otherwise contact the Court.

Considering this procedural record, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## Discussion

Like all Federal Rules of Civil Procedure, Rule 41 generally applies to habeas proceedings under Section 2254. *See* RULE 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS.

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the NOD – in addition to leaving the impression that he no longer wishes to pursue the claims asserted in this lawsuit – Patterson has prevented this action from proceeding and has thus failed to prosecute.

A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances.

Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Patterson

decides to obey the Court's order or contact the Court, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

While it is not apparent based on the record here that dismissal of this lawsuit without prejudice at this time would effectively be a dismissal with prejudice, insofar as the recommended dismissal may somehow prejudice Patterson, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (as further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: February 14, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE